3/22/10
10:27 AM
sc

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
(TORT) - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

A TRUE COPY ATTEST

## COMMONWEALTH OF MASSACHUSETTS

_[signature]_
DEPUTY SHERIFF HND CO

3/21/10

HAMPDEN, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. HDCV2010-00029-B

Kathy Henry, PLAINTIFF(S)

V.

SUMMONS

United Bank, DEFENDANT(S)

You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

To the above named defendant:

You are hereby summoned and required to serve upon Michael O. Shea, Esq. 451 Main Street, Wilbraham, MA 01095, plaintiff's attorney, whose address is _____, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esq., at Springfield the 10th day of March in the year of our Lord two thousand ten.

_[signature]_

Brian P. Lees
Clerk / Magistrate

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

Commonwealth of Massachusetts
County of Hampden
The Superior Court

CIVIL DOCKET # HDCV2010-00029-B
Courtroom Courtroom 4 - 3rd Fl

RE: Henry v United Bank
TO:

    Michael O Shea, Esquire
    451 Main Street
    Wilbraham, MA 01095-

## SCHEDULING ORDER FOR F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue **11/02/2011**.

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 04/11/2010 | 04/11/2010 | |
| Response to the complaint filed (also see MRCP 12) | | 05/11/2010 | |
| All motions under MRCP 12, 19, and 20 | 05/11/2010 | 06/10/2010 | 07/10/2010 |
| All motions under MRCP 15 | 05/11/2010 | 06/10/2010 | 07/10/2010 |
| All discovery requests and depositions served and non-expert depositions completed | 11/07/2010 | | |
| All motions under MRCP 56 | 12/07/2010 | 01/06/2011 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/06/2011 |
| Case shall be resolved and judgment shall issue by **11/02/2011** | | | 11/02/2011 |

- The final pre-trial deadline is <u>not the scheduled date of the conference</u>.
- You will be notified of that date at a later time.
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 01/11/2010                                                                            Brian P. Lees
                                                                                                            Clerk of the Court

Telephone: 413 735-6017

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) HDCV2010-00029-B | Trial Court of Massachusetts Superior Court Department County: Hampden |
|---|---|---|
| PLAINTIFF(S) Kathy Henry | | DEFENDANT(S) United Bank |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (413) 596-8005 Michael O. Shea, Esq. 451 Main St, Wilbraham MA 01095 Board of Bar Overseers number: 555474 | | ATTORNEY (if known) |

Origin code and track designation

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.: B22
TYPE OF ACTION (specify): Employment Discrimination
TRACK: (F)
IS THIS A JURY CASE? (X) Yes  ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ................................................. $
   2. Total Doctor expenses ................................................. $
   3. Total chiropractic expenses ........................................... $
   4. Total physical therapy expenses ...................................... $
   5. Total other expenses (describe) ...................................... $
      Subtotal $
B. Documented lost wages and compensation to date ..................... $ ongoing
C. Documented property damages to date ................................. $
D. Reasonably anticipated future medical and hospital expenses ......... $
E. Reasonably anticipated lost wages .................................... $ ongoing
F. Other documented items of damages (describe) ........................ $ ongoing

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Employment discrimination based upon real/perceived disability/handicap, violations of FMLA, and retaliation. Damages include lost wages + benefits, attorney's fees, emotional distress, among perhaps others.

In excess of $25,000.00
TOTAL $

CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT  N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 1/7/10

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT
DOCKET NO.:
HDCV2010-00029-B

KATHY HENRY,

    Plaintiff

v.

UNITED BANK,

    Defendant

## COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Kathy Henry (hereinafter referred to as the "Plaintiff"), is a natural person, currently residing at 97 Thompson Street, Springfield, Hampden County, MA 01109.

2. The Defendant, United Bank (hereinafter referred to as the "Defendant"), is a corporation that operates a business facility located at 95 Elm Street, P.O. Box 9020, West Springfield, Hampden County, MA 01090.

### Facts

3. The Plaintiff began her employment with the Defendant in or about January 30, 2006 as a Commercial Loan Administrator. The Plaintiff was promoted to Commercial Credit Analyst on June 18, 2007 and held this position through September 25, 2008. Throughout the course of her employment with the Defendant, the Plaintiff's work performance was always satisfactory.

4. The Plaintiff was diagnosed with Cervical Radiculopathy on or about January 8, 2008, a condition that causes severe visual blurring, neurological symptoms, neck pain, and

overwhelming symptoms of fatigue and weakness. The Plaintiff believed that she was qualified handicapped individual under state and federal law.

5. In or about June 2008, the Plaintiff began experiencing more severe symptoms and initially sought treatment with her primary care physician, who referred her to a neurologist. On or about June 16, 2008, the Plaintiff was seen by the neurologist, x-rays were ordered and a follow up appointment was set for September 5, 2008. On or about July 1, 2008, due to the severity of the Plaintiff's symptoms, she was taken out of work until further notice by her primary care physician in order to provide time for a diagnosis to be made.

6. On or about July 2, 2008, x-rays, lab tests and an ultrasound were taken to rule out any other prognosis and instructed to follow up with the neurologist. On July 21, 2008, the Plaintiff's primary care doctor sent correspondence to the Defendant confirming that she would be out of work until a diagnosis could me made. The Plaintiff was initially set to follow up with the neurologist on September 5, 2008; however the neurologist was unable to keep this appointment and rescheduled it to September 25, 2008.

7. On July 23, 2008, the Plaintiff received a letter from the Defendant, indicating that her FMLA/Disability leave started on July 1, 2008 and that she had approximately 9 weeks of leave available. The letter indicated that the Plaintiff's physician and the Plaintiff should fill out enclosed paperwork requesting the FMLA; however, the Defendant United Bank and its insurer failed to provide the Plaintiff with the entire documentation that was required to qualify her leave and instead, sent documentation piecemeal. In fact, in addition to the paperwork enclosed in the letter from the Defendant of July 23, 2008, the Plaintiff continued to receive additional necessary paperwork for execution for the first time on August 20, 2008 and September 2, 2008 necessary to classify her time off as qualified FMLA time.

8. On or about August 8, 2008, the Plaintiff went to her primary care physician for follow up examination and to have her fill out FMLA paperwork as she had not yet had the opportunity to attend the follow up with the neurologist. The plaintiff was examined and told that the necessary paperwork would be faxed to the Defendant. The form filled out by the Plaintiff's primary care physician (Attending Physician's Form) was completed and faxed to the Defendant on August 14, 2008. The form stated that the Plaintiff was, at the time, unable to work due to her symptoms related to cervical spine problems and that she would need to follow up with a neurologist. Again, the Plaintiff was initially set to follow up with the neurologist on September 5, 2008; however, the neurologist was unable to keep this appointment and rescheduled it to September 24, 2008.

9. On August 20, 2008, the Plaintiff received correspondence from the Defendant's insurer stating that her application for short term disability was still not complete. In this correspondence, additional forms were enclosed for the Plaintiff to complete and return. The Plaintiff completed the form and faxed it to the Defendant's insurer on August 26, 2008.

10. On September 2, 2008, the Plaintiff received correspondence from the Defendant stating that her medical disability leave was still not approved, contradicting the original letter regarding the same dated July 23, 2008 and enclosing yet another form, "Certification of Health Care Provider," to be completed by the Plaintiff's physician. The Defendant and the Plaintiff's primary care physician were aware of the September 24, 2008 neurologist appointment, and the Plaintiff expressed to both the Defendant and the Plaintiff's primary care physician's office that the Certification of Health Care Provider Form needed to be completed by the Plaintiff's neurologist. The Defendant instead forwarded the form to the Plaintiff's primary care physician, who correctly stated in the form that the Plaintiff needed further care from a

neurologist/neurosurgeon, but incorrectly contradicted earlier correspondence by stating that the Plaintiff was not incapacitated and could perform her job with no heavy lifting. The Certification of Health Care Provider Form was faxed to the Defendant September 16, 2008.

11. On or about September 8, 2008, the Plaintiff received correspondence from the Defendant's insurer indicating that her request for short term disability was denied, based upon her physician's incorrect statements on the FMLA paperwork. The Plaintiff indicated that she would appeal the decision. The Plaintiff contacted the Defendant's HR department on or about September 16, 2008 to clear up the situation and indicate that the neurologist appointment was on September 24, 2008 and the Plaintiff would have the neurologist fill out any additional paperwork necessary at that time.

12. On or about September 22, 2008, the Plaintiff received a letter from the Defendant indicating that she would be terminated on Thursday, September 25, 2008 if she did not return to work in her full capacity after her neurologist appointment on Wednesday, September 24, 2008. On September 24, 2008, the Plaintiff attended the follow up with the neurologist, and was informed that she had Cervical Myelopathy, a neurosurgical condition, and would be forced to undergo surgery on October 31, 2008. The Neurologist drafted a letter excusing her absence from work since July 1, 2008 and indicated that she was to remain out of work until further notice, pending surgery.

13. On September 25, 2008, the Plaintiff arrived at the Defendant to provide them with the documentation signed by the neurologist. The HR Representative refused to take the letter, however, the Plaintiff asked the receptionist to take the letter to the HR manager. The Plaintiff fully disclosed to the Defendant that she was being evaluated by the neurologist on September 24, 2008 and that this provider was key in properly assessing her medical condition.

Notwithstanding the foregoing, the Plaintiff was terminated effective September 25, 2008 and the Defendant failed to approve her FMLA leave time or provide her with the proper documentation needed for approval of the FMLA, as well as failed to hold her position available to her until a proper diagnosis was made and surgery could have been complete.

14. The Plaintiff has followed the prerequisites to filing suit.

### Count I
### (M.G.L. c. 151B– Real or Perceived Disability Discrimination and Harassment)

15. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

16. The Plaintiff was, at all times relevant, a qualified handicapped person. The Plaintiff was treated adversely because of her disability and handicap.

17. The Plaintiff requested reasonable leave for diagnosis and treatment of her medical condition and/or handicap and the Defendant took adverse action against the Plaintiff for taking such leave.

18. The Plaintiff was harassed based upon her handicap and/or medical condition.

19. The Plaintiff's employment with the Defendant was terminated, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's handicap and/or medical condition.

20. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Kathy Henry, respectfully requests a judgment against the Defendant and for all damages available pursuant to M.G.L. c. 151B.

## Count II
## (M.G.L. c. 151B - Retaliation)

21. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

22. The Plaintiff was harassed and treated adversely because of her handicap and medical condition, as well as her requests for medical leave.

23. The Plaintiff requested reasonable leave for diagnosis and treatment of her medical condition and/or handicap and the Defendant took adverse action against the Plaintiff for taking such leave.

24. The Plaintiff's employment with the Defendant was terminated, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's handicap and/or medical condition.

25. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Kathy Henry, respectfully requests a judgment against the Defendant and for all damages available pursuant to M.G.L. c. 151B.

## Count III
## (Violations Of Family Medical Leave Act–29 U.S.C. § 2601, et. seq.)

26. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

27. The Plaintiff requested medical leave under the Family Medical Leave Act for diagnosis and treatment of a medical condition, and the Defendant took adverse action against the Plaintiff for requesting and taking such leave.

28. The Plaintiff's employment with the Defendant was terminated, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's

6

handicap and her request for medical leave.

29. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Kathy Henry, respectfully requests judgment against the Defendant and for all damages available pursuant to the Family Medical Leave Act and otherwise.

### Count IV
(Violations Of Family Medical Leave Act–29 U.S.C. § 2601, et. seq.–Retaliation)

30. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

31. The Plaintiff requested medical leave under the Family Medical Leave Act for diagnosis and treatment of a medical condition, and the Defendant took adverse action against the Plaintiff for requesting and taking such leave.

32. The Plaintiff's employment with the Defendant was terminated, and her employment with the Defendant was otherwise adversely affected, based upon the Plaintiff's handicap and her requests for medical leave. The Plaintiff suffered retaliation in this regard.

33. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Kathy Henry, respectfully requests judgment against the Defendant and for all damages available pursuant to the Family Medical Leave Act and otherwise.

Respectfully submitted,

The Plaintiff
KATHY HENRY
By Her Attorneys

_____
MICHAEL O. SHEA, ESQ.
BBO No.: 555474
EMILY J. DANIELL, ESQ.
BBO No.: 674084
Law Office Of Michael O. Shea, P.C.
451 Main Street
Wilbraham, MA 01095
Telephone: (413)596-8005
Facsimile: (413)596-8095

Date: January 7, 2010